UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TROY WILLIAMS | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:21-CV-130 DDN |
| | ) |
| WOODY HOWARD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-

51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, a resident at the Northwest Missouri Psychiatric Rehabilitation Center, brings this 42 U.S.C. § 1983 action against AT&T Owner Woody Howard; James B. Reynolds (Medical Director); Farmington State Hospital; Johnson & Johnson and Nancy Kassanbaum. These are the only individuals that plaintiff has officially named as defendants in the caption of his complaint.

Plaintiff's complaint is very difficult to read. He claims that he suffers from schizophrenia and is civilly detained by the State of Missouri. It appears that plaintiff is complaining that defendant Woody Howard, the alleged owner of AT&T, hired former President Donald Trump to "run the government." Plaintiff also complains that Donald Trump banned the band Africa from entering the United States. Plaintiff uses the lyrics from a Johnny Cash song to express his displeasure of Woody Howard and Donald Trump running the government, and he states that these defendants cut off some of plaintiff's body tissue to clone him.

Plaintiff also asserts that Country Music star Toby Keith performed at Donald Trump's inauguration, however, plaintiff believes that this performance was a conspiracy to clone and bug

people across the nation. Plaintiff also makes an assertion about how Toby Keith performed a song written by plaintiff, and he maintains that Toby Keith took the money he made from the song rather than sharing it with plaintiff.[1] Plaintiff has additional allegations in his complaint and amended complaint that continue in this vein, however, none of plaintiff's allegations appear to implicate the Constitution or any federal statutes as to defendants Woody Howard, Toby Keith, or Donald Trump.

Plaintiff claims that he was "denied medical service for cuts to clone Troy Williams" per Medical Director James Reynolds, the medical director at Northwest Missouri Psychiatric Rehabilitation Center.[2] However, in the next sentence, he asserts that Reynolds treated plaintiff prescription drugs for delusions.[3] He also claims that his guardian, Karen Digh, did not allow him to sue for "poisoned prune juice," so he would like to pursue a claim against her as well. He also asserts that he was not allowed to sue Flo from Progress Insurance, when her red lipstick on the commercials bothered him, as his lawyer, Jimmy Gazway, told plaintiff he would not represent him in a suit against Progress Insurance.

Plaintiff also brings allegations against Sheriff Jimmy Neal Bigger-Staff for allegedly "poising daddy and raping mama and advertising atkins carpet cleaner." Additionally, he states that Governor Parsons should be punished for allegedly assisting Woody Howard to bug and clone plaintiff, as should William Ford, who plaintiff purportedly helped devise the new pick-up. Last, plaintiff believes Senator Joe Liberman should be held liable for his role in accepting money to buy Israel from plaintiff. Plaintiff states that Liberman got the cash for Israel and he left the Senate as a result.

---

[1] Plaintiff states that he wishes to sue lawyer David Fischer for failing to pay him royalties for songs that plaintiff purportedly helped him write.
[2] Plaintiff makes these same allegations against defendants Hope Turner and Debbie Bryan.
[3] Plaintiff additionally claims that he should be allowed to sue defendant Sarah Demaree, a representative from NMPRC, for failing to answer his grievance relating to his detainment at the Psychiatric Center.

## Discussion

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Having carefully reviewed the complaint, the Court concludes that plaintiff's factual allegations are delusional and fail to state a claim or cause of action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). For these reasons, the complaint will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint [Doc. #10 and #13] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of the denial of his appointment of counsel [Doc. #7] is **DENIED**.

A separate Order of Dismissal will be filed forthwith.

Dated this 23rd day of June, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE